IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JEFFREY S. CONOVER,

        Plaintiff,

  v.

US BANK and EVANS ASSOCIATES, P.C.

        Defendants
_____/

No. C 13-0220 RS

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

    Plaintiff seeks leave to proceed *in forma pauperis.* ("IFP"). Plaintiff having made an adequate showing of indigence, the IFP application is granted. Under 28 U.S.C. §1915, however, the Court has a continuing duty to dismiss any case in which a party seeks leave to proceed *in forma pauperis* if the Court determines that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). As presently drafted, the complaint is without merit in that it fails to set forth a cognizable claim. Rule 8 of the Federal Rules of Civil Procedure provides that to state a claim, a pleading must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." The first part of this requirement—"a short and plain statement of the claim" —cannot be read without reference to the second part —"*showing* that the pleader is entitled to relief." The Supreme Court has made clear that while "showing" an entitlement to relief does not require "detailed factual allegations," it does "demand[] more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [citation.] Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*.

Here, plaintiff alleges that he opened a checking account with US Bank that very quickly became overdrawn.  Plaintiff does not dispute that his debit card purchases and cash withdrawals from the account exceeded the amount he had deposited; he instead insists that he "never gave affirmative consent to overdraft charges."  The materials attached to the complaint show that US Bank contends it calculated and applied overdraft charges in accordance with the terms and conditions under which plaintiff opened the account.  Absent the pleading of some facts to support a claim that US Bank was not entitled to charge overdraft fees, or calculated them incorrectly, the complaint does "not permit the court to infer more than the mere possibility of misconduct," *Iqbal*, 129 S. Ct. at 1950, and it is therefore insufficient.

Additionally, the complaint names Evans Associates, P.C. as an additional defendant, based on its efforts to collect the purported debt on behalf of US Bank.  Even assuming plaintiff may ultimately be able to show that no debt is owed to US Bank, he has not alleged facts to support a claim against Evans Associates.

Accordingly, the complaint is dismissed.  In light of his *pro se* status, plaintiff will be given leave to amend.  If plaintiff elects to amend, he must do so no later than March 8, 2013. The Court directs plaintiff's attention to the Handbook for Pro Se Litigants, which is available along with further information on the Court's website located at http://cand.uscourts.gov/proselitigants. Plaintiff  may also wish to seek free limited legal assistance from the Federal Pro Bono Project by calling the appointment line at (415)782-9000  ext. 8657 or by signing up in the appointment book located outside the door of the Project on the 15th floor of the Courthouse building.  Plaintiff can speak with an attorney who will provide basic legal help, but not legal representation.

IT IS SO ORDERED.

Dated: 2/7/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE